# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

JEFFREY FIDLER and JAMES FIDLER,      Case No.:

                   Plaintiffs,        Hon.:

vs.

JOHN EBERHART, an individual, DEER
JOHN PRODUCTS, LLC, a Michigan limited
liability company, TYLER J. SHIMUNEK, an
individual, GAMMY CREEK OUTDOOR
PRODUCTIONS, LLC, a Michigan limited
liability company, AMAZON.COM, INC., a
Delaware corporation, CABELA'S, INC., a
Delaware corporation, WAL-MART STORES,
INC., a Delaware corporation, SCHUPBACHS
SPORTING GOODS, INC., a Michigan
corporation, and JOHN DOES 1-10, jointly and
severally,

                   Defendants.

---

FRANK, HARON, WEINER AND NAVARRO
By:    Suzanne D. Nolan (P57210)
Attorneys for Plaintiffs
5435 Corporate Dr., Suite 225
Troy, MI 48098
(248) 952-0400
(248) 952-0890 (Fax)

---

## COMPLAINT AND JURY DEMAND

     Jeffrey Fidler and James Fidler ("Plaintiffs"), by and through undersigned counsel, for their

Complaint against John Eberhart, Deer John Products, LLC, Tyler J. Shimunek, Gammy Creek

Outdoor Productions, LLC, Amazon.com, Inc., Cabela's, Inc., Wal-Mart Stores, Inc., Schupbachs

Sporting Goods, Inc., and John Does 1-10 ("Defendants") state as follows:

## NATURE OF THE CASE

1.     This case concerns the unauthorized copying of Plaintiffs' unpublished audiovisual works by Tyler J. Shimunek ("Shimunek") who incorporated deer hunting scenes and scenes of deer in the wild that were filmed by Plaintiff Jeffrey Fidler, Plaintiff James Fidler and their associates into a series of DVDs on deer hunting that are being commercially distributed. These DVDs were initially titled "Instructional Bow Hunting Series by John Eberhart" but may now, at least sometimes, be titled and/or referred to as "Bowhunting Pressured Whitetails DVD Series" (collectively, "Infringing Eberhart DVDs")

2.     Defendant Gammy Creek Outdoor Productions, LLC ("Gammy Creek") is nationally distributing the Infringing Eberhart DVDs.

3.     Defendant Deer John, LLC, a company believed to be controlled by Defendant John Eberhart, purports to own the copyright in the Infringing Eberhart DVDs and is, among other things, selling and publically distributing the Infringing Eberhart DVDs nationwide.

4.     Defendants Amazon.com, Inc., Cabela's Inc., Wal-Mart Stores, Inc., Schupbachs Sporting Goods, Inc., and each John Doe are engaging in the distribution of the Infringing Eberhart DVDs which contain parts of Plaintiffs' copyrighted works.

5.     By engaging in unauthorized copying and unauthorized distribution of Jeffrey and James Fidler's deer hunting videos, Defendants have deprived Plaintiffs of their important right to control the first publication of Plaintiffs' videos.

## JURISDICTION AND VENUE

6.      This is an action for copyright infringement arising under the U.S. Copyright Act of 1976, 17 U.S.C. § 101, et seq.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this jurisdiction under 28 U.S.C. § 1400(a) as, upon information and belief, each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District; furthermore, Plaintiffs have been harmed in this District by the acts of infringement committed by each Defendant.

### Parties

8.      Plaintiff Jeffrey Fidler is an individual residing in Ithaca (Gratiot County), Michigan.

9.      Plaintiff James Fidler is an individual residing in Ithaca (Gratiot County), Michigan.

10.     Upon information and belief, Defendant John Eberhart is a resident of the State of Michigan, residing at 1219 Queensway Dr., Weidman (Isabella County), Michigan 48893.

11.     Upon information and belief, Defendant Deer John Products, LLC ("Deer John" or "Deer John Products") is a Michigan limited liability company with its registered office and principal place of business at 1219 Queensway Dr., Weidman (Isabella County), MI 48893.  Collectively, Defendants Deer John and John Eberhart will be referred to as the "Eberhart Defendants."

12.     Upon information and belief, Defendant Shimunek is a resident of the State of Michigan, residing at 1022 Carmen Drive, Weidman (Isabella County), Michigan 48893.

13.     Upon information and belief, Defendant Gammy Creek Outdoor Productions, LLC, is a Michigan limited liability company with its registered office and principal place of business at

1022 Carmen Drive, Weidman (Isabella County), Michigan 48893. Collectively, Defendant Shimunek and Gammy Creek will be referred to as the "Shimunek Defendants."

14.     Upon information and belief, Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with a registered office at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 and a principal place of business in Seattle, Washington.

15.     Upon information and belief, personal jurisdiction over Defendant Amazon.com is proper because Amazon.com, without consent or permission of Plaintiffs, disseminated over the Internet the Infringing Eberhart DVDs, which contain copyrighted works owned by Plaintiffs, with such illegal dissemination occurring in every jurisdiction in the United States including this one.

16.     Upon information and belief, Defendant Amazon.com has sold the Infringing Eberhart DVDs within ths District.

17.     Upon information and belief, Defendant Amazon.com is subject to general personal jurisdiction in this District.

18.     Upon information and belief, Defendant Cabela's, Inc. ("Cabela's") is a Delaware corporation with a registered office at 1209 Orange Street, Wilmington, Delaware 19801 and a principal place of business in Sidney, Nebraska.

19.     Upon information and belief, personal jurisdiction over Defendant Cabela's is proper because Cabela's, without consent or permission of Plaintiffs, disseminated over the Internet the Infringing Eberhart DVDs, containing copyrighted works owned by Plaintiffs, with such illegal dissemination occurring in every jurisdiction in the United States including this one.

20.     Upon information and belief, Defendant Cabela's has a store located in Dundee, Michigan which is selling the Infringing Eberhart DVDs.

21.     Upon information and belief, Defendant Cabela's is subject to general personal jurisdiction in Michigan.

22.     Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with a registered office at 1209 Orange Street, Wilmington, Delaware 19801 and a principal place of business in Bentonville, Arkansas.

23.     Upon information and belief, personal jurisdiction over Defendant Wal-Mart is proper because Wal-Mart, without consent or permission of Plaintiffs, distributed the Infringing Eberhart DVDs, containing copyrighted works owned by Plaintiffs, to the public by selling the Infringing Eberhart DVDs at one or more of its Michigan stores located within this District.

24.     Upon information and belief, Defendant Wal-Mart is subject to general personal jurisdiction in Michigan.

25.     Upon information and belief, Defendant Schupbachs Sporting Goods, Inc. ("Schupbachs") is a Michigan corporation with its registered office and a principal place of business at 141 W. Pearl St., Jackson, Michigan 49201.

26.     Defendants John Does 1-10 ("John Doe Defendants") are persons or business entities whose identities are presently unknown but who conspired with and/or assisted the Shimunek Defendants and/or the Eberhart Defendants in the public distribution of the Infringing Eberhart DVDs and/or who have the right and ability to control and a financial interest in the infringing activities described below.

27.     Upon information and belief, personal jurisdiction in this District over each of the John Doe Defendants whose identity is not known at this time is proper because each such John Doe Defendant, without consent or permission of the Plaintiffs: (i) distributed the Infringing Eberhart

DVDs within this District by, among other things, selling the Infringing Eberhart DVDs to businesses located in Michigan or otherwise providing the Infringing Eberhart DVDs to businesses in Michigan thus authorizing such businesses to sell the Infringing Eberhart DVDs to the public; (ii) purchased the Infringing Eberhart DVDs within this District for the purpose of reselling the Infringing Eberhart DVDs to the public; or (iii) entered into contracts with one or more of the Shimunek Defendants or the Eberhart Defendants that established an ongoing relationship with such Defendants and that provided for the distribution of the Infringing Eberhart DVDs. Plaintiffs believe that information obtained in discovery will lead to the identification of each John Doe Defendant's true name.

## FACTUAL ALLEGATIONS

### Background Facts – Creation of Fid's Wild Outdoors

28.     Jeffrey Fidler ("Jeff Fidler" or "Jeff") is a professional videographer of deer hunting scenes.

29.     From approximately March 2006 through the present, Jeff Fidler has worked on television shows that are shown on national cable channels. Among other things, Jeff Fidler receives compensation for deer hunting scenes that he and his team filmed and that were shown on the cable shows.   Additionally, Jeff Fidler assists in the production of the television shows.

30.     During 2004, Jeffrey Fidler went on numerous deer hunting trips and was usually accompanied by Greg Spitzley, a friend, James Fidler, a brother, and/or Jeremy Fidler, a brother. Collectively, these four individuals will be referred to as the Hunters.

31.     Typically, Jeff took his camera and other video equipment on each of these hunting trips so that the deer hunting scenes, and/or scenes of deer in the wild (collectively, deer hunting scenes) could be filmed.

32.     The scenes were originally filmed on media known as mini DVs.

33.     Each of the Hunters created narration that accompanied the video (i.e., an audio portion) and some of the Hunters, including Jeff Fidler and Jim Fidler, also filmed the deer hunting scenes.

34.     Thus, each of the four Hunters authored original content that was fixed in a tangible medium of expression, namely the mini DVs.

35.     Jeremy Fidler and Greg Spitzley subsequently assigned their entire right, title and interest in the original content fixed on the mini DVs to Jeffrey Fidler and James Fidler along with the right to sue for any past or future infringement.

36.     In 2004, Jeff Fidler created a DVD containing selected footage from the mini DVs. This DVD primarily contained scenes shot on three different hunting trips: (i) a trip in 2004 to Kansas; (ii) a trip in 2004 to Illinois; and (iii) a trip in 2004 within Michigan.

**Copyright Infringement under 17 U.S.C. § § 101 et seq.**

37.     Plaintiffs Jeffrey Fidler and James Fidler filed a copyright registration application entitled "Fid's Wild Outdoors" with the U.S. Copyright Office to copyright content original with them that was embodied on the DVD created in 2004. The copyright application issued as Copyright Registration No. PAu 3-349-384 and has an effective date of registration of July 3, 2008. A copy of the Registration Certificate is attached as Exhibit 1.

38.     Plaintiffs are the owners of all right, title and interest in Fid's Wild Outdoors.

**Shimunek and Gammy Creek's Access to and Copying of Fid's Wild Outdoors**

39.     Upon information and belief, Defendant Gammy Creek is a full-service video production studio.

40.     During at least 2005 and 2006, Gammy Creek produced a television show, called Gammy Creek Outdoors, which was, upon information and belief, shown on cable television channels, Dish Network and Direc TV.

41.     In 2005, Jeff Fidler met with Defendant Shimunek at Gammy Creek's studio to speak with him to see if there was a possibility of working on the Gammy Creek Outdoors television show.

42.     During this meeting, Jeff Fidler allowed Shimunek to view some of the mini DVs and the DVD created by Jeff Fidler in 2004 which contained the original scenes filmed and narrated by the Hunters ("Fidler Videos"). While Jeff was present, Shimunek viewed the Fidler Videos either through a DVD player connected to a television or directly on Jeff's camera. No copying of the Fidler Videos occurred while Jeff was there.

43.     After viewing some of the recorded deer hunting scenes, Defendant Shimunek stated that he did not have time to review the rest of the scenes and asked Jeff Fidler to leave the Fidler Videos with him.

44.     Jeff Fidler agreed to leave the Fidler Videos with Shimunek and gave Shimunek permission to <u>view</u> the Fidler Videos <u>solely</u> for the purpose of determining whether Shimunek would be interested in hiring Jeff Fidler.

45.     Jeff Fidler did not discuss licensing or selling any of the Fidler Videos with Shimunek or Gammy Creek nor did he ever discuss allowing Shimunek or Gammy Creek to do anything with

the Fidler Videos other than to merely view them. In short, Jeff Fidler did nothing more than present his portfolio of work to Shimunek and Gammy Creek for review.

46.     In the foregoing manner, Shimunek and Gammy Creek gained access to the original content embodied on the Fidler Videos.

47.     About a week after Shimunek took possession of the Fidler Videos, Shimunek contacted Jeff Fidler and told him that there were no opportunities for work available through him or through Gammy Creek and asked Jeff to pick up the Fidler Videos which Jeff did shortly thereafter.

48.     Without Jeff's knowledge, Shimunek, upon information and belief, personally surreptitiously copied all or a portion of the Fidler Videos before asking Jeff to pick them up or Shimunek, upon information and belief, directed someone else at Gammy Creek to do such copying.

49.     Upon information and belief, Defendant Shimunek personally used equipment owned by and/or provided by Gammy Creek to engage in the unauthorized copying of all or a portion of the Fidler Videos.

50.     Upon information and belief, anyone who Defendant Shimunek directed to copy the Fidler Videos used equipment owned by and/or provided by Gammy Creek to engage in the unauthorized copying of all or a portion of the Fidler Videos.

51.     Upon information and belief, Shimunek's unauthorized copying was done on behalf of Gammy Creek.

52.     At no time did Defendant Shimunek inform Jeff Fidler that Defendant Shimunek, had copied any portion of the Fidler Videos or that Defendant Shimunek had instructed someone else to copy all or any portion of the Fidler Videos.

53. At no time whatsoever did Jeff Fidler give Defendant Shimunek, anyone else associated with Defendant Gammy Creek or Defendant Gammy Creek permission to copy the Fidler Videos, to publish any of the content embodied on the Fidler Videos, to publicly distribute copies of any of the content embodied on the Fidler Videos, or to create derivative works of the Fidler Videos.

54. Jim Fidler did not have any communications relating to the Fidler Videos with Defendant Shimunek or Defendant Gammy Creek prior to the time that Jim Fidler sent a cease and desist letter to Shimunek and Gammy Creek in July of 2008.

55. At no time whatsoever did Jim Fidler give Defendant Shimunek, anyone else associated with Defendant Gammy Creek, or Defendant Gammy Creek permission to copy the Fidler Videos, to publish any of the content embodied on the Fidler Videos, to publicly distribute copies of any of the content embodied on the Fidler Videos, or to create derivative works of the Fidler Videos.

56. None of the other Hunters gave Shimunek or anyone else associated with Gammy Creek permission to copy, publish, distribute or create derivative works of the content of the Fidler Videos.

**Creation and Distribution of the Infringing Eberhart DVDs**

57. Upon information and belief, Defendant John Eberhart, either on behalf of himself or on behalf of Deer John Products, approached Defendants Shimunek and Gammy Creek about producing and distributing the Infringing Eberhart DVDs sometime in late 2005 or early 2006.

58. Upon information and belief, as the party hiring Gammy Creek, Eberhart had control over the entire content of the Infringing Eberhart DVDs.

59. Upon information and belief, as the party hiring Gammy Creek, Deer John had control over the entire content of the Infringing Eberhart DVDs.

60. The Infringing Eberhart DVDs contain various deer hunting scenes, and scenes of deer in the wild as well as narration by Defendant John Eberhart in which he provides advice and instruction on how to hunt deer with a bow.

61. Defendant Deer John Products, LLC claims to own the copyright in the Infringing Eberhart DVDs.

62. Upon information and belief, Defendants Eberhart and/or Deer John specifically asked Gammy Creek to provide footage of deer hunting scenes or scenes of deer in the wild to be incorporated into the Infringing Eberhart DVDs that Gammy Creek was producing.

63. Upon information and belief, Gammy Creek, at the direction of Shimunek, decided to incorporate portions of the Fidler Videos in the Infringing Eberhart DVDs with the purpose of creating a series of DVDs that would be publicly distributed through retail stores and through websites.

64. Upon information and belief, Gammy Creek and/or Shimunek knew that Jeff Fidler had not consented to any use of the Fidler Videos other than a one-time viewing of the Fidler Videos by Shimunek.

65. By incorporating portions of the Fidler Videos in the Infringing Eberhart DVDs, Defendants Shimunek and/or Gammy Creek created derivative works of the Fidler Videos.

66. Upon information and belief, the creation of the Infringing Eberhart DVDs was completed in 2006.

67. Jeff Fidler is thanked in the credits on each of the Infringing Eberhart DVDs.

68.     Despite thanking Jeff Fidler in the credits on the Eberhart DVDs, neither Shimunek, Gammy Creek, Eberhart or Deer John Products sent Jeff Fidler a copy of the Infringing Eberhart DVDs or even told him that any portion of the Fidler Videos had been used on the Infringing Eberhart DVDs.

69.     Upon information and belief, John Eberhart had knowledge that content owned by Jeff Fidler was included on the Infringing Eberhart DVDs in part because Jeff Fidler is thanked in the credits on the Infringing Eberhart DVDs.

70.     Upon information and belief, Deer John Products had knowledge that content owned by Jeff Fidler was included on the Infringing Eberhart DVDs in part because Jeff Fidler is thanked in the credits on the Infringing Eberhart DVDs.

71.     Upon information and belief, Defendant Eberhart failed to inquire as to whether Shimunek or Gammy Creek had oral or written consent to use the content owned by Jeff Fidler.

72.     Upon information and belief, Defendant Deer John failed to inquire as to whether Shimunek or Gammy Creek had oral or written consent to use the content owned by Jeff Fidler.

73.     If Defendant Eberhart or Defendant Deer John had made an inquiry about consent, each of them would have discovered that Gammy Creek, a business claiming to be a professional video production studio, could not provide a writing showing any authorization from Jeff Fidler to copy, distribute, publish or otherwise use any of the copyrighted content contained on the Fidler Videos.

74.     If Defendant Eberhart or Defendant Deer John had made an inquiry about consent or the relationship between Jeff Fidler and Gammy Creek, each of them would have discovered that Jeff Fidler was never an employee of Gammy Creek nor had he ever had any contractual relationship

with Gammy Creek and thus none of the Fidler Videos could be a work for hire which was owned by Gammy Creek.

75.     The gross negligence of Defendant Eberhart and Defendant Deer John in failing to inquire about consent rises to the level of willful blindness.  Thus, each should be deemed to be willful infringers.

76.     Upon information and belief, in January 2006, Gammy Creek, with the authorization of Eberhart and/or Deer John, created multiple copies of the Infringing Eberhart DVDs in preparation for a national distribution of the Infringing Eberhart DVDs.

77.     Each time Gammy Creek created one of the Infringing Eberhart DVDs, it engaged in the unauthorized copying of content from the Fidler Videos.

78.     Upon information and belief, the public distribution of the Infringing Eberhart DVDs began in 2006.

79.     Defendants Deer John and Eberhart authorized the public distribution of the Infringing Eberhart DVDs.

80.     All of the foregoing actions taken by Shimunek and Gammy Creek were taken wilfully and with full knowledge that Jeff Fidler never consented to the copying, publication, and distribution of copies of the Fidler Videos.

### Discovery of the Infringement

81.     Quite some time after Jeff Fidler picked up the mini DVDs from Shimunek, James Fidler was present at a trade show where he saw the Infringing Eberhart DVDs and purchased them.

82.     When Jim Fidler viewed the Infringing Eberhart DVDs, he saw that Jeff Fidler had been mentioned in the credits and contacted Jeff.

83.     Some time later, Jeff Fidler purchased a copy of the Infringing Eberhart Videos from Defendant Schupbachs' store called Schupbach's Sporting Goods in Jackson, Michigan.

84.     Jeff Fidler had not been aware that Shimunek and Gammy Creek had copied anything from the Fidler Videos since neither Gammy Creek nor Shimunek ever gave a copy of the Infringing Eberhart DVDs to Jeff Fidler or had even informed Jeff Fidler that the Infringing Eberhart DVDs were in circulation.

85.     In viewing the Infringing Eberhart DVDs, Jeff Fidler learned that some of his work had been copied and incorporated into the Infringing Eberhart Videos.

86.     Upon information and belief, Shimunek and/or Gammy Creek copied more of the content on the Fidler Videos than what was included on the Infringing Eberhart Videos and they still have copies of this other content stored on their computer systems or other storage media such as video tapes, mini DVs or DVDs.

87.     Upon information and belief, Shimunek and/or Gammy Creek has unauthorized copies of all of the Fidler Videos stored on the hard drives of its computers, on DVDs and/or on other electronic or digital storage media.

88.     Gammy Creek is publicly distributing the Infringing Eberhart DVDs nationwide by, among other things, allowing the public to purchase these DVDs online at www.gammycreekproductions.com ("Gammy Creek Site").

89. Deer John Products is publicly distributing the Infringing Eberhart DVDs nationwide by, among other things, allowing the public to purchase the Infringing Eberhart DVDs on its website at www.deer-john.net ("Deer John Site").

90. Upon information and belief, the Infringing Eberhart DVDs have also been sold at one or more national chain stores, over the Internet on third-party sites, and at various stores in Michigan including one or more Wal-Mart stores.

91. The Fidler Videos are unpublished works since neither Jeff Fidler nor James Fidler has ever authorized the publication of any of the content that is embodied on the Fidler Videos.

92. The Shimunek Defendants and the Eberhart Defendants have willfully usurped Plaintiffs' right of first publication.

93. After Jeff and Jim Fidler became aware that the Infringing Eberhart DVDs contained scenes embodied on the Fidler Videos, they notified Shimunek, Gammy Creek, Eberhart and Deer John Products in correspondence dated July 23, 2008 that the Eberhart DVDs infringed their copyrights in Fid's Wild Outdoors.

94. Jim Fidler, except for purchasing the Infringing DVDs at a trade show, has not had any contact with John Eberhart and/or Deer John prior to sending a cease and desist letter to Defendants Eberhart and Deer John in July of 2008.

95. Jeff Fidler has never met Defendant Eberhart nor has he communicated with him or Deer John in any manner whatsoever prior to the time a cease and desist letter was sent to Defendants Eberhart and Deer John in July of 2008.

96. None of the Shimunek Defendants or the Eberhart Defendants have complied with the cease and desist request but rather have knowingly continued to engage in willful copyright infringement.

**Personal Liability of Defendant Shimunek and Defendant Eberhart**

97. Upon information and belief, Defendant Shimunek personally copied all or portions of the Fidler Videos, knowing full well that Jeff Fidler had not given him permission to do so.

98. Upon information and belief, Defendant Shimunek, as the President of and an owner of Gammy Creek, directs, controls and ratifies the actions of Gammy Creek, including, without limitation, any unauthorized copying of any portion of the Fidler Videos and the unauthorized public distribution of copies of the copyrighted content on the Fidler Videos.

99. In addition to having control over Gammy Creek's activities, Shimunek, as the President and an owner of Gammy Creek, has a financial interest in the activities of Gammy Creek.

100. Upon information and belief, Defendant Gammy Creek was paid by Eberhart and/or Deer John for the work that Gammy Creek did in producing the Infringing Eberhart DVDs.

101. Upon information and belief, Defendant Gammy Creek continues to be paid a fee for each of the Infringing Eberhart DVDs that is sold.

102. Upon information and belief, Defendant Eberhart, as the President of and an owner of Deer John, directs, controls and ratifies the actions of Deer John, including, without limitation, any unauthorized copying of any portion of the Fidler Videos, the unauthorized public distribution of copies of the copyrighted content on the Fidler Videos, and the incorporation of content from the Fidler Videos on the Infringing Eberhart DVDs.

103.    In addition to having control over Deer John's activities, Defendant Eberhart, as the President and an owner of Defendant Deer John, has a financial interest in the activities of Defendant Deer John.

104.    As the party hiring Gammy Creek, Defendants Eberhart and/or Deer John had the ability to control all content of the Infringing Eberhart DVDs.

**Infringement by Defendants John Does 1-10**

105.    Upon information and belief, the Eberhart Defendants or the Shimunek Defendants have contracted with or authorized one or more of the John Doe Defendants to distribute the Infringing Eberhart DVDs to retail stores including both traditional "bricks and mortar" stores and online stores.

106.    Upon information and belief, each John Doe Defendant publically distributed or authorized the public distribution of the Infringing Eberhart DVDs.

107.    Upon information and belief, pursuant to these contracts, the John Doe Defendants thus contributed to any infringement committed by Defendant Cabela's, Defendant Amazon.com, and Defendant Schupbachs as well as to the infringement committed by any other parties to whom the Infringing Eberhart DVDs were supplied by the John Doe Defendants.

108.    Upon information and belief, the Eberhart Defendants and the Shimunek Defendants have profited from the distribution of the Infringing Eberhart DVDs by the John Doe Defendants.

109.    Upon information and belief, the Eberhart Defendants and the Shimunek Defendants each have the ability to control the distribution of the Infringing Eberhart Defendants by the John Doe Defendants.

110.    Upon information and belief, the Shimunek Defendants and the Eberhart Defendants knowingly contributed to the infringement of each John Doe Defendant.

111.    Upon information and belief, each John Doe Defendant who distributed the Infringing DVDs to another party for sale to the public profited from such sales to the public.

112.    Upon information and belief, each John Doe Defendant who distributed the Infringing DVDs to another party for sale to the public had the ability to control the distribution of the Infringing DVDs.

**Infringement by Defendant Amazon.com**

113.    Upon information and belief, Amazon.com is publicly distributing the Infringing Eberhart DVDs by offering the Infringing Eberhart DVDs for sale to the public on its website at www.amazon.com, which website is available throughout the Untied States; and, upon information and belief, has sold the Infringing Eberhart DVDs to purchasers throughout the United States including purchasers in Michigan.

114.    Upon information and belief, the Eberhart Defendants knowingly contributed to the infringement of Defendant Amazon.com, having knowledge of Defendant Amazon.com's public distribution of the Infringing Eberhart DVDs.

115.    Upon information and belief, the Eberhart Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Amazon.com and have profited from the infringement of Defendant Amazon.com.

116.    Upon information and belief, the Shimunek Defendants knowingly contributed to the infringement of Defendant Amazon.com, having knowledge of Defendant Amazon.com's public distribution of the Infringing Eberhart DVDs.

117. Upon information and belief, the Shimunek Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Amazon.com and have profited from the infringement of Defendant Amazon.com.

## Infringement by Defendant Cabela's

118. Upon information and belief, Defendant Cabela's is publically distributing the Infringing Eberhart DVDs by offering the Infringing Eberhart DVDs for sale on its website at www.cabelas.com, which website is available throughout the United States, and is using the product identifier of QX-628351 to identify the Infringing Eberhart DVDs.

119. Upon information and belief, Defendant Cabela's has sold the Infringing Eberhart DVDs to the public both through its website and at its Dundee, Michigan store.

120. Upon information and belief, the Eberhart Defendants knowingly contributed to the infringement of Defendant Cabela's, having knowledge of Defendant Cabela's public distribution of the Infringing Eberhart DVDs.

121. Upon information and belief, the Eberhart Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Cabela's and have profited from the infringement of Defendant Cabela's.

122. Upon information and belief, the Shimunek Defendants knowingly contributed to the infringement of Defendant Cabela's, having knowledge of Defendant Cabela's public distribution of the Infringing Eberhart DVDs.

123. Upon information and belief, the Shimunek Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Cabela's and have profited from the infringement of Defendant Cabela's.

## Infringement by Defendant Wal-Mart

124.    Upon information and belief, Defendant Wal-Mart has distributed the Infringing Eberhart DVDs to the public at one or more of its stores in Michigan.

125.    Upon information and belief, the Eberhart Defendants had knowledge of Wal-Mart's public distribution of the Infringing Eberhart DVDs or authorized Wal-Mart to publicly distribute the Infringing Eberhart DVDs.

126.    Upon information and belief, the Eberhart Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Wal-Mart and have profited from the infringement of Defendant Wal-Mart.

127.    Upon information and belief, the Shimunek Defendants had knowledge of Wal-Mart's public distribution of the Infringing Eberhart DVDs or authorized Wal-Mart to publicly distribute the Infringing Eberhart DVDs.

128.    Upon information and belief, the Shimunek Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Wal-Mart and have profited from the infringement of Defendant Wal-Mart.

## Infringement by Defendant Schupbachs

129.    Upon information and belief, Defendant Schupbachs is publicly distributing the Infringing Eberhart DVDs by offering the Infringing Eberhart DVDs for sale at its store in Jackson, Michigan and Defendant Schupbachs has sold the Infringing Eberhart DVDs to the public.

130.    Upon information and belief, the Eberhart Defendants knowingly contributed to the infringement of Defendant Schupbachs, having knowledge of Defendant Schupbachs public distribution of the Infringing Eberhart DVDs.

131.    Upon information and belief, the Eberhart Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Schupbachs and have profited from the infringement of Defendant Schupbachs.

132.    Upon information and belief, the Shimunek Defendants knowingly contributed to the infringement of Defendant Schupbachs by authorizing Defendant Schupbachs to publicly distribute the Infringing Eberhart DVDs.

133.    Upon information and belief, the Shimunek Defendants had the ability to control the sale of the Infringing Eberhart DVDs by Defendant Schupbachs and have profited from the infringement of Defendant Schupbachs.

## COUNT I

### COPYRIGHT INFRINGEMENT
### (against Defendants Shimunek and Gammy Creek)

134.    Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 133, inclusive, with the same effect as though fully rewritten here.

135.    Plaintiffs are and, at all relevant times, have been the owners of all right, title and interest in Fid's Wild Outdoors.  Plaintiffs' rights include all rights under U.S. Copyright law, including the exclusive right to reproduce the copyrighted content of Fid's Wild Outdoors, the exclusive right to distribute copies of the copyrighted content of Fid's Wild Outdoors to the public, and the exclusive right to make derivative works of Fid's Wild Outdoors.

136.    Fid's Wild Outdoors consists of creative works  that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

137.     Defendant Shimunek and Defendant Gammy Creek have each directly, vicariously and/or contributorily infringed and/or induced infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

138.     All of the acts of the Defendants Shimunek and Gammy Creek were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

139.     By willingly and knowingly reproducing, distributing and utilizing for purposes of trade and promotion unauthorized copies of Fid's Wild Outdoors, Defendant Shimunek's and Defendant Gammy Creek's infringement of Jeffrey and James Fidler's copyrights has been willful, intentional and in total disregard of, and with indifference to, Jeffrey Fidler's and James Fidler's rights

WHEREFORE, Plaintiffs pray for judgment against Defendant Shimunek and Defendant Gammy Creek, jointly and severally, as follows:

A.     Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Shimunek and Defendant Gammy Creek;

B.     Awarding Plaintiffs actual damages against Defendant Shimunek and Defendant Gammy Creek, jointly and severally, in an amount that is adequate to compensate Plaintiffs for Defendant Shimunek's and Defendant Gammy Creek's infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.     Awarding Plaintiffs its actual damages, as the copyright owners, and any additional profits of Defendant Gammy Creek and Defendant Shimunek as provided by 17 U.S.C. § 504(a)(1) and (b);

D.    Ordering that Defendant Shimunek and Gammy Creek are jointly and severally liable for any costs, fees, interest, damages, treble damages and infringer's profits awarded against each of them and against each and every other Defendant;

E.    Ordering that Defendants Gammy Creek and Shimunek, jointly and severally, pay triple the amount of any damages owed to Plaintiffs in order to deter these Defendants, each of which is in a position to create additional copyrightable works for public distribution, from engaging in copyright infringement in the future;

F.    Immediately and permanently enjoining Defendant Shimunek and Defendant Gammy Creek, his/its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.    Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.    Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.    Awarding Plaintiffs prejudgment interest;

J.    Immediately ordering Defendants Shimunek and Gammy Creek to return any and all copies of any copyrightable content copied from the Fidler Videos;

K.    Immediately ordering Defendants Shimunek and Gammy Creek to recall the Infringing Eberhart DVDs from all purchasers of same; and

L.    Awarding Plaintiffs such other and further relief as is just and proper.

## COUNT II

## COPYRIGHT INFRINGEMENT
### (against Defendants Eberhart and Deer John)

140.    Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 139, inclusive, with the same effect as though fully rewritten here.

141.    Plaintiffs are and, at all relevant times, have been the owners of all right, title and interest in Fid's Wild Outdoors.  Plaintiffs' rights include all rights under U.S. Copyright law, including the exclusive right to reproduce the copyrighted content of Fid's Wild Outdoors, the exclusive right to publish the copyrighted content of Fid's Wild Outdoors, the exclusive right to distribute copies of the copyrighted content of Fid's Wild Outdoors to the public, and the exclusive right to make derivative works of Fid's Wild Outdoors.

142.    Fid's Wild Outdoors consists of creative works  that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

143.    Defendants Eberhart and Deer John have each directly, vicariously and/or contributorily infringed and/or induced infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

144.    All of the acts of Defendants Eberhart and Deer John are and were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

145.    By willingly and knowingly reproducing, distributing and utilizing for purposes of trade and promotion unauthorized copies of Fid's Wild Outdoors, Defendant Eberhart's and Defendant Deer John's infringement of  Jeffrey and James Fidler's copyrights has been willful,

intentional and in total disregard of, and with indifference to, Jeffrey Fidler's and James Fidler's rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant Eberhart and Defendant Deer John, jointly and severally, as follows:

A.      Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Eberhart and Defendant Deer John;

B.      Awarding Plaintiffs actual damages against Defendants Eberhart and Deer John, jointly and severally, in an amount that is adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.      Awarding Plaintiffs its actual damages, as the copyright owners, and any additional profits of the infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.      Ordering that the Eberhart Defendants and the Shimunek Defendants are jointly and severally liable for any costs, fees, interest, damages, treble damages, and infringer's profits awarded against each of them and against each and every other Defendant;

E.      Ordering that Defendant Eberhart and Defendant Deer John, jointly and severally, pay triple the amount of any damages owed to Plaintiffs in order to deter Defendants, each of which are in a position to create additional copyrightable works for public distribution, from engaging in copyright infringement in the future;

F.      Immediately and permanently enjoining Defendant Eberhart and Defendant Deer John, his/its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.    Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.    Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.    Awarding Plaintiffs prejudgment interest;

J.    Immediately ordering Defendants to return any and all copies of any copyrightable content copied from the Fidler Videos;

K.    Immediately ordering Defendants to recall the Infringing Eberhart DVDs from all purchasers of same; and

L.    Awarding Plaintiffs such other and further relief as is just and proper.

**COUNT III**

**COPYRIGHT INFRINGEMENT**
**(against Amazon.com only)**

146.    Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 145, inclusive, with the same effect as though fully rewritten here.

147.    Plaintiffs are and, at all relevant times, have been, the copyright owners of exclusive rights under U.S. copyright law with respect to Fid's Wild Outdoors.

148.    Fid's Wild Outdoors consists of creative works that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

149.    Amazon.com has publically distributed the Infringing Eberhart DVDs and directly infringed Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. § 501 *et seq.*

150.    All of the acts of Amazon.com were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

151.    The Shimunek Defendants and/or the Eberhart Defendants have vicariously and/or contributorily infringed and/or induced Amazon.com's infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray for judgment against the Defendant Amazon.com as follows:

A.    Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Amazon.com;

B.    Awarding Plaintiffs actual damages against Defendant Amazon.com in an amount that is adequate to compensate Plaintiffs for Defendant Amazon.com's infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.    Awarding Plaintiffs their actual damages, as the copyright owners, and any additional profits of the infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.    Ordering that Defendant Amazon.com pay triple the amount of any damages owed to Plaintiffs in order to deter Defendant Amazon.com, which is in a position to sell additional copyrightable works, from engaging in copyright infringement in the future;

E.    Ordering that the Eberhart Defendants and the Shimunek Defendants are jointly and severally liable, with Defendant Amazon.com, for any costs, fees, interest, damages, treble damages and infringer's profits awarded against Defendant Amazon.com;

F.    Immediately and permanently enjoining Defendant Amazon.com, its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.    Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.  Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.  Awarding Plaintiffs prejudgment interest;

J.  Immediately ordering Defendants to recall the Infringing Eberhart DVDs from all purchasers of same; and

K.  Awarding Plaintiffs such other and further relief as is just and proper.

## COUNT IV

### COPYRIGHT INFRINGEMENT
### (against Defendant Cabela's)

152.  Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 151, inclusive, with the same effect as though fully rewritten here.

153.  Plaintiffs are and, at all relevant times, have been, the copyright owners of all exclusive rights under U.S. copyright law with respect to Fid's Wild Outdoors.

154.  Fid's Wild Outdoors consists of creative works that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

155.  Defendant Cabela's has publically distributed the Infringing Eberhart DVDs and directly infringed Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. § 501 *et seq.*

156.  All of the acts of Cabela's were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

157.  The Shimunek Defendants and/or the Eberhart Defendants vicariously and/or contributorily infringed and/or induced Defendant Cabela's infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray for judgment against Defendant Cabela's as follows:

A.      Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Cabela's;

B.      Awarding Plaintiffs actual damages against Defendant Cabela's in an amount that is adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.      Awarding Plaintiffs their actual damages, as the copyright owners, and any additional profits of the infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.      Ordering that Defendant Cabela's pay triple the amount of any damages owed to Plaintiffs in order to deter Defendant, each of which are in a position to create additional copyrightable works for public distribution, from engaging in copyright infringement in the future;

E.      Ordering that the Eberhart Defendants and the Shimunek Defendants are jointly and severally liable, with Defendant Cabela's, for costs, fees, interest, damages, treble damages and infringer's profits awarded against Defendant Cabela's;

F.      Immediately and permanently enjoining Defendant Cabela's, its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors;

G.      Awarding Plaintiffs  statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.      Awarding Plaintiffs reasonable  attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.      Awarding Plaintiffs prejudgment interest;

J. Immediately ordering Defendant Cabela's to recall the Infringing Eberhart DVDs from all purchasers of same; and

K. Awarding Plaintiffs such other and further relief as is just and proper.

## COUNT V

## COPYRIGHT INFRINGEMENT
### (against Defendant Wal-Mart)

158. Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 157 inclusive, with the same effect as though fully rewritten here.

159. Plaintiffs are, and at all relevant times, have been, the copyright owners of all exclusive rights under U.S. copyright law with respect to Fid's Wild Outdoors.

160. Fid's Wild Outdoors consists of creative works that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

161. Defendant Wal-Mart has publically distributed the Infringing Eberhart DVDs and directly infringed Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. § 501 *et seq.*

162. All of the acts of Defendant Wal-Mart were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

163. 'The Shimunek Defendants and/or the Eberhart Defendants vicariously and/or contributorily infringed and/or induced Defendant Wal-Mart infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray for judgment against Defendant Wal-Mart as follows:

A. Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Wal-Mart;

B.      Awarding Plaintiffs actual damages against Defendant Wal-Mart in an amount that is adequate to compensate Plaintiffs for Defendant Wal-Mart's infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.      Awarding Plaintiffs their actual damages, as the copyright owners, and any additional profits of the infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.      Ordering that Eberhart Defendants and the Shimunek Defendants are jointly and severally liable, with Defendant Wal-Mart, to Plaintiffs for any costs, fees, interest, damages, treble damages or infringer's profits awarded against Defendant Wal-Mart;

E.      Ordering that Defendant Wal-Mart pay triple the amount of any damages owed to Plaintiffs in order to deter Defendant Wal-Mart from engaging in copyright infringement in the future;

F.      Immediately and permanently enjoining Defendant Wal-Mart, its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.      Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.      Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.      Awarding Plaintiffs prejudgment interest;

J.      Immediately ordering  Defendants to recall the Infringing Eberhart DVDs from all purchasers of same; and

K.      Awarding Plaintiffs such other and further relief as is just and proper.

## COUNT VI

## COPYRIGHT INFRINGEMENT
### (against Defendant Schupbachs)

164. Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 163, inclusive, with the same effect as though fully rewritten here.

165. Plaintiffs are and, at all relevant times, have been, the copyright owners of all exclusive rights under U.S. copyright law with respect to Fid's Wild Outdoors.

166. Fid's Wild Outdoors consists of creative works that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

167. Defendant Schupbachs has publically distributed the Infringing Eberhart DVDs and directly infringed Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. § 501 *et seq.*

168. All of the acts of Defendant Schupbachs were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

169. The Shimunek Defendants and/or the Eberhart Defendants vicariously and/or contributorily infringed and/or induced Defendant Schupbachs infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray for judgment against Defendant Schupbachs as follows:

A. Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by Defendant Schupbachs;

B. Awarding Plaintiffs actual damages against Defendant Schupbachs in an amount that is adequate to compensate Plaintiffs for Defendant Schupbachs' infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.      Awarding Plaintiffs their actual damages, as the copyright owners, and any additional profits of the infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.      Ordering that the Eberhart Defendants and the Shimunek Defendants are jointly and severally liable, with Defendant Schubpachs, to Plaintiffs for any costs, fees, interest, damages, treble damages or infringer's profits awarded against Defendant Schupbachs;

E.      Ordering that Defendant Schupbachs pay triple the amount of any damages owed to Plaintiffs in order to deter Defendant Schupbachs from engaging in copyright infringement in the future;

F.      Immediately and permanently enjoining Defendant Schupbachs, its officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.      Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.      Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.      Awarding Plaintiffs prejudgment interest;

J.      Immediately ordering Defendants to recall the Infringing Eberhart DVDs from all purchasers of same; and

K.      Awarding Plaintiffs such other and further relief as is just and proper.

# COUNT VII

## COPYRIGHT INFRINGEMENT
### (against Defendant John Does 1-10 only)

170.     Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1 through 169, inclusive, with the same effect as though fully rewritten here.

171.     Plaintiffs are and, at all relevant times, have been, the copyright owners of all exclusive rights under U.S. copyright law with respect to Fid's Wild Outdoors.

172.     Fid's Wild Outdoors consists of creative works that are original with Jeffrey Fidler and James Fidler and such creative works are copyrightable subject matter under the laws of the United States.

173.     By distributing or authorizing the sale of the Infringing Eberhart DVDs to the public, each John Doe Defendant has directly infringed Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. § 501 *et seq.*

174.     All of the acts of each John Doe Defendant were performed without Jeffrey Fidler's and James Fidler's permission, license or consent.

175.     The Shimunek Defendants and/or the Eberhart Defendants vicariously and/or contributorily infringed and/or induced each John Doe Defendant's infringement of Plaintiffs' copyright in Fid's Wild Outdoors in violation of 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray for judgment against each John Doe Defendant as follows:

A.     Declaring that Plaintiffs' copyrights in Fid's Wild Outdoors are valid and infringed by each John Doe Defendant;

B.    Awarding Plaintiffs actual damages against each John Doe Defendant, individually, in an amount that is adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' copyright in Fid's Wild Outdoors;

C.    Awarding Plaintiffs their actual damages, as the copyright owners, and any additional profits of each John Doe infringer as provided by 17 U.S.C. § 504(a)(1) and (b);

D.    Ordering that Defendants pay triple the amount of any damages owed to Plaintiffs in order to deter each John Doe Defendant, from engaging in copyright infringement in the future;

E.    Ordering that each John Doe Defendant, the Shimunek Defendants and Eberhart Defendants are jointly and severally liable to Plaintiffs for any costs, fees, interest, damages, treble damages and infringer's profits awarded against any Defendant to which such John Doe Defendant distributed the Infringing Eberhart DVDs;

F.    Immediately and permanently enjoining each John Doe Defendant, its respective officers, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them from any further reproduction, distribution, and sales of any objects containing a copy of any of the copyrightable content embodied on Fid's Wild Outdoors and the Fidler Videos;

G.    Awarding Plaintiffs statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement, pursuant to 17 U.S.C. § 104(c);

H.    Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I.    Awarding Plaintiffs prejudgment interest;

J.    Immediately ordering each John Doe Defendant to recall the Infringing Eberhart DVDs from all purchasers of same; and

K.     Awarding Plaintiffs such other and further relief as is just and proper.

Respectfully submitted,

FRANK, HARON, WEINER AND NAVARRO

Date: November 4, 2008                    By:    s/Suzanne D. Nolan
                                                  Suzanne D. Nolan (P57210)
                                                  Attorneys for Defendants
                                                  5435 Corporate Dr., Suite 225
                                                  Troy, MI 48009
                                                  (248) 952-0400
                                                  (248) 952-0890 (Fax)

## JURY DEMAND

_____Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable of right by jury.

Respectfully submitted,

FRANK, HARON, WEINER AND NAVARRO

Date: November 4, 2008                    By:    s/Suzanne D. Nolan
                                                  Suzanne D. Nolan (P57210)
                                                  Attorneys for Defendants
                                                  5435 Corporate Dr., Suite 225
                                                  Troy, MI 48009
                                                  (248) 952-0400
                                                  (248) 952-0890 (Fax)